Littleton, Judge,
delivered the opinion of the court:
Plaintiff bases his right to recover the difference between the retired pay of a lieutenant, junior grade, and that of an ensign upon his claim that the act of May 24, 1928, 45 Stat. 735, gives him 75 percent of the active-duty pay of a lieutenant, junior grade, in the Navy, which rank he held in the Naval Reserve on January 3, 1926, when discharged from his commissioned service in such Naval Reserve Force,, and that this was the only discharge ever received by him.
The defendant contends that the Veterans’ Bureau correctly placed plaintiff on the emergency officers’ retired list of the Navy as an ensign and gave him the retired pay of' that rank under the act of May 24, 1928, for the reason that the act of 1928 contemplated the pay to which an emergency officer was entitled for active service in the Navy during the World War; that.the only active service of plaintiff as an emergency officer of the Navy during the World War-was that of ensign from which he was relieved on March 25, 1919, and that he is not entitled to 75 percent of the-active-service pay of a lieutenant, junior grade, in which rank he performed no active service as an emergency officer but only the duty of an officer of the Naval Reserve Force-for a period of fifteen days each year for training purposes.
In our opinion the position of the defendant is corrects The act of August 29, 1916, 39 Stat. 556, 587, established a Naval Reserve Force to be composed of citizens of the United-States who, by enrolling under regulations prescribed by the *258 'Secretary of the Navy, obligated themselves to serve in the Navy in time of war or during the existence of a national emergency declared by the President. Enrollments and reen-rollments were for terms of four years, but it was provided that members might in time of peace, when no national emergency existed, be discharged from their enrollment in the Naval Reserve Force upon their own request. This act provided for periods of instruction and training to enable persons enrolled in the Naval Reserve Force to qualify for and be confirmed in any provisional grade, rank, or rating given to them, and for examination before a board of naval officers to determine the members’ qualifications for such rank or rating under regulations prescribed by the Secretary -of the Navy. This act further provided that members of the .Naval Reserve Force should, upon first reporting for active duty for training during each period of enrollment, be -credited with a uniform gratuity of $50 for officers and of ■$30 for mien. Upon reporting for active service in time of war or national emergency the uniform gratuity was fixed at :$150 for officers and $60 for men, or the difference between these amounts and any amounts that may have been credited -as a uniform gratuity during the period of enrollment. It was further provided that when not actively employed in the Navy members of the Naval Reserve Force should not be ■entitled to any pay, bounty, gratuity, or pensions; and, further, that enrolled members of the Naval Reserve Force might in time of war or national emergency be required to perform active service in the Navy throughout the war or until the national emergency ceased to exist, and that all members of the Naval Reserve Force should, when actively -employed, be entitled to the same pay, allowances, gratuities, •or other emoluments as officers or enlisted men in the naval .service on active duty in corresponding rank or rating.
The act of July 1, 1918, 40 Stat. 704, 710, provided for a minimum service for training purposes of not less than fifteen days each year during the term of enrollment.
On February 28, 1925, an act entitled “An act to provide for the creation, organization, administration, and maintenance of a Naval Reserve and a Marine Corps Reserve ”, was approved, 43 Stat. 1080. This act abolished the Naval *259 Reserve Force established under tbe act of August 29, 1916,. and, in lieu thereof, created and established a Naval Reserve consisting of the Fleet Naval Reserve, the Merchant Marine Naval Reserve, and the Volunteer Naval Reserve-Provision was made in section 4 for the transfer to the-Naval Reserve, created under that act, of any person then serving in the Naval Reserve Force. The Naval Reserve-created under this act was the same in all substantial respects as the Naval Reserve Force previously created and only certain sections of the act are pertinent to-the question, under consideration in this case. Section 6 provides—
“ That in time of peace no officer or man of the Naval Reserve shall be discharged except upon expiration of his term-, of service or upon his own request, or for full and sufficient cause, in the discretion of the Secretary of the Navy:: Provided, * * * That in time of war, or a national emergency, declared by the President to exist, officers and! enlisted, enrolled and assigned men of the Naval Reserve-shall be subject to separation therefrom in the same manner as may be provided by or in pursuance of law for the-separation of officers and enlisted men from the Regular-Navy, subject to the provisions of section 9 of this act.”’
Section 9 provides:
“ That officers and men of the Naval Reserve, including those who may have been retired, may be ordered' to active duty by the Secretary of the Navy in time of’ war or when in the opinion of the President a national emergency exists and may be required to perform active duty throughout the war or until the national emergency ceases to exist; but in time of peace, except as is-otherwise provided in this act, they shall only be ordered to. or continued on active duty with their own consent: Provided, That the Secretary of the Navy may release any officer or man from active duty at any time.”
Section 18 provides that “All officers of the Naval Reserve-shall be examined physically once every four years, or oftener, as may be deemed necessary, and if upon such examination they are found not physically qualified for active service they shall be honorably discharged or, within the-discretion of the Secretary of the Navy, placed on the honorary retired list provided for in section 19 of this act.”'
And section 19 provides “ That officers of the Naval Reserve shall be placed on an honorary retired list of the Naval Reserve without pay or allowances upon reaching the age of *260 sixty-four years, or within the discretion of the Secretary of the Navy, upon the officer’s own request, after twenty-five years’ service in the Naval Reserve.”
It will be seen' from, the above that enrolled members of •the Naval Reserve Force were not to be regarded in the .service of the Navy except when called into active service in the case of war or national emergency, and that in order to prepare them for any service which they might be called upon to perform, in such cases they were required to report for training purposes, required for the Naval Reserve Force, for a period of fifteen days each year during their term of ■enrollment.
The service performed by plaintiff in 1921 and 1922 was for training purposes to determine his qualifications for confirmation in the provisional grade or rank of lieutenant, junior grade, in the Naval Reserve Force given him on June 4,1919, after his release from active service as an emergency officer of the Navy during the war, and he cannot, we think, be regarded as having served as an emergency officer of the Navy during the World War in the rank of lieutenant, junior grade, in such a way as to entitle him to 15 percent of the active-service pay of that rank within the meaning of the act of May 24, 1928.
Enrolled members of the Naval Reserve who rendered active service as officers of the Navy during the World War .and whose period of enrollment in the Naval Reserve Force had not expired when such active service was concluded or terminated by the Navy Department were not issued formal discharges from the Naval Reserve Force. The acts provided that such discharge should not be issued except upon request or for cause. They were relieved of all active duty .and remained members of such Reserve Force subject to call for further active service in the Navy in time of war or •.national emergency in accordance with the provisions of the ¡statutes. Plaintiff was not called into active service of the Navy during the World War after his release from active ¡duty on March 25, 1919. In these circumstances we are of opinion that the action of the Navy Department, on March 25, 1919, in relieving plaintiff from all active service as an ¡officer of the Navy was a discharge from his commissioned *261 service as an officer of the Navy within the intendment of the provisions of the act of May 24,1928. That act provides, so far as material here, that “ all persons who have served as officers of the Navy during the World War, who during such service have incurred physical disability in line of duty, and who have been rated at not less than 30 per centum permanent disability by the United States Veterans’ Bureau shall be placed upon separate retired lists, to be known as the emergency officers’ retired list of the Navy with the rank held by them when discharged from their commissioned service, and shall receive from date of receipt of their application retired pay at the rate of 75 per centum of the pay to which they were entitled at the time of their discharge from their commissioned service.”
This plaintiff performed no active service as an officer of the Navy during the World War, except the service performed under his appointment of October 11, 1917, in the grade of assistant paymaster with the rank of ensign, which appointment in the active service was terminated by his release issued by the Navy Department March 25, 1919. His subsequent status was solely that of an enrolled member of the Naval Beserve not in active service, and the duty thereafter performed by him in 1921 and 1922 under the provisional appointment as a lieutenant, junior grade, was for training purposes only as an enrolled member of the Naval Beserve Force and not as an emergency officer of the Navy during the World War.
If the act of May 24, 1928, supra, should be construed as applicable only to plaintiff’s discharge in the rank of lieutenant, junior grade, he might be deprived of the retired pay as an ensign. The 1928 act clearly contemplates active service as an officer of the Navy during the World War as distinguished from duty for training purposes, and contemplates active-service pay rather than the retainer pay as an officer in the Naval Beserve Force on inactive duty. At the effective date of plaintiff’s discharge, January 3, 1926, and at the time the same was issued on June 5, 1926, he was not receiving and was not entitled to receive active-duty pay.
The committee report on the act of May 24, 1928, House Beport No. 1082, 70th Congress, 1st session, shows, we think, *262 that it was the release from active service in the Navy, in the case of Naval Eeserve officers, that should determine the amount of retired pay, when it was said, on page 4 of that, report, that “ the bill provides retirement pay of 75 per centum of the compensation paid at the time of discharge from active service to emergency officers who incurred permanent disability of 30 per centum or more as a result of their service during the World War. * * * In arriving at a basis for eligibility to retirement of emergency officers, under the proposed legislation, your committee believes that 3'0 per centum disability in civil life is comparable to ‘ incapacity for active service ’ in military life.”
Our conclusion on the question presented is supported by the provisions of section 1406 of the act approved February 24, 1919, 40 Stat. 1057, 1151, and section 3 of the act of February 28, 1919, 40 Stat. 1202, 1203, which treat the release of members of the Naval Eeserve Force from active service in the Navy as a separation from the service, and the same as an honorable discharge of persons in the regular military or naval forces. Section 1406, supra, provided:
“ That all persons serving in the military or naval forces of the United States during the present war who have, since April 6, 1917, resigned or been discharged under honorable conditions (or, in the case of reservists, been placed on inactive duty), or who at any time hereafter (but not later than the termination of the current enlistment or term of service) in the case of the enlisted personnel and female nurses, or within one year after the termination of the present war in the case of officers, may resign or be discharged under honorable conditions (or, in the case of reservists, be placed on inactive duty), shall be paid,, in addition to all other amounts due them in pursuance of law, $60 each.
“ This amount shall not be paid (1) to any person who though appointed or inducted into the military or naval forces on or prior to November 11,1918, had not reported for duty at his station on or prior to such date; or (2) to any person who has already received one month’s pay under the provisions of section 9 of the act entitled ‘An act to authorize the President to increase temporarily the Military Establishment of the United States ’, approved May 18, 1917; or (3) to any person who is entitled to retired pay; or (4) to the heirs or legal representatives or any person entitled to any payment under this section who has died or may die *263 before receiving such payment. In the case of any person who subsequent to separation from the service as above .specified has been appointed or inducted into the military or naval forces of the United States and has been or is again .separated from the service as above specified, only one payment of $60 shall be made.
“ The above amount, in the case of separation from the service on or prior to the passage of this act, shall be paid as soon as practicable after the passage of this act, and in the case of separation from the service after the passage of this act shall be paid at the time of such separation. * * * ”
And section 3 of the act of February 28, 1919, supra, provided:
“ That an enlisted man honorably discharged from the Army, Navy, or Marine Corps since November eleventh, nineteen hundred and eighteen, or who may hereafter be honorably discharged, shall receive five cents per mile from the place of his discharge to his actual bona fide home or residence, or original muster into the service, at his option: Provided, That for sea travel on discharge, transportation and subsistence only shall be furnished to enlisted men: Provided, That naval reservists duly enrolled who have been honorably released from active service since November eleventh, nineteen hundred and eighteen, or who may hereafter be honorably released from active service, shall be entitled likewise to receive mileage as aforesaidP [Italics supplied.]
We are of opinion that plaintiff has received the retired pay to which he was entitled under the act of May 24, 1928, for service as an officer of the Navy during the World War, and the petition must be dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; Green, Judge; and Booth, Chief Justice, concur.