Howell, Judge,
delivered the opinion of the court:
This is an action to recover the difference in retired pay computed on less than three, years’ active service as an Emergency Officer in World War I and retired pay computed on such World War I service plus ten years additional service in the Officers’ Reserve Corps subsequent to plaintiff’s discharge from his Emergency Officer’s commission as Captain, Quartermaster Corps, on October 30, 1920.
From the stipulation of facts filed herein by the parties, it appears that plaintiff honorably served as an enlisted man in the Roanoke Light Infantry, Virginia Volunteers, from October 3, 1904, through August 29, 1905, a period of 10 months and 27 days.
Plaintiff served as an Emergency Commissioned Officer with the rank of Captain, Quartermaster Corps, United States Army, from November 8,1918, until October 30,1920, at which time he was honorably discharged by reason of the demobilization of the emergency forces. This commissioned service was for a period of 1 year, 11 months and 23 days. Plaintiff held a commission as Captain, Judge Advocate General’s Department, Officers’ Reserve Corps, from May 11,' 1921, through’ May 11, 1926, and from May 11, 1926, through May 10, 1931, a total of ten years, during which time he served 45 days on active duty.
[1] Plaintiff received disability pension awards from the Veterans Administration from October 30, 1920, through February ’28, Í922, and from January 1, 1926, through August 3, 1929.
*783 Effective August 4, 1928, plaintiff’s name was dropped from the Veterans Administration pension rolls and, effective as of August 4, 1928, through June 30, 1933, plaintiff received Emergency Officers’ retirement benefits by virtue of a rating of service connected permanent partial disability of 34- percent. His retired pay was computed on the basis of 75 percent of the pay he was receiving when he was discharged from the Army on October 30,1920, said basis being a captain’s pay based on less than five years of service.
Effective June 30,1933, plaintiff’s name was dropped from the Emergency Officers’ retirement rolls because the disability for which he was receiving retirement pay was not shown to have been caused by a factor arising directly out of the performance of active military duty during World War I.
Effective July 1; 1933, plaintiff was restored to the Veterans Administration pension rolls and continued thereon until July 14, 1940.
On July 15,1940, plaintiff was restored to the Emergency Officers’ retirement rolls with a rating of permanent and total disability and retirement pay of $150 per month determined on the basis of a captain’s pay with less than three years of service.
As of July 1,1946, plaintiff’s retirement pay was increased to $172.50 per month, based on the Pay Readustment Act of 1942, 56 Stat. 359, as amended by the Act of June 29, 1946, 60 Stát. 343. The rate of this pay was also based on a captain’s pay with less than three years’ service.
Plaintiff’s requests for increase in his retired pay by reason of his service in the Officers’ Reserve Corps after his discharge as an Emergency Officer in 1920 were denied by the Veterans Administration on' the certificate thereto by the Audit Division of the General Accounting Office. By letter of October 27, 1947, the Veterans Administration informed plaintiff that it did not grant either pensions or compensation awards based on National Guard service.
The plaintiff contends that the ten years’ service in the Officers’ Reserve Corps subsequent to his discharge as an Emergency Commissioned World War I officer and. the 10 months and 27 days’ service in the Organized Militia of the *784 State of Virginia should be counted for longevity pay purposes under the language of the Pay Readustment Act of 1942, as amended in 1946, sufra. Defendant contends that the Act of May 24,1928, 45 Stat. 735, and not the Pay Readjustment Act of 1942, as amended, is controlling, and that the only service to be counted for retirement pay as an Emergency World War I Officer is the active service rendered during World War I; and, that the Pay Readustment Act of 1942, as amended, merely increased the rate of retirement pay without changing the basis upon which the rate was to be computed.
We agree with the contention made by the defendant.
Plaintiff was honorably discharged from the Army by reason of the demobilization of the emergency forces on October 30,1920, and thereby his commission of November 8, 1918, as an Emergency Commissioned Officer in World War I was terminated. It is plain that plaintiff could not have served on any active duty in the Army thereafter under his Emergency Commission for the reason that the commission had ceased to exist. '
When on May 16,1921, plaintiff accepted a commission as Captain in the Judge Advocate General’s Department, Officers’ Reserve Corps, effective as of May 11, 1921, this was a new and unrelated service to his wartime service except that he qualified for such appointment by reason of his former service.[1]-
Between October 30,1920, and August 4,1928, plaintiff was at various times carried on the pension rolls of the Veterans Administration, but these pension payments are not in controversy and do not form any part of plaintiff’s claim.
On August 4,1928, plaintiff, with a rating of service connected permanent partial disability of 34 percent, was. placed upon the Emergency Officers’ Retirement List, under authority of the Act of May 24, 1928, which reads in pertinent part as follows:
*785 Sec. 1. That all persons who have served as officers of the Army * * * during the World War, other than as officers of the Regular Army * * * who during such service have incurred physical disability in line of duty and who have been or may hereafter, within one year, be, rated in accordance with law at not less than 30 per centum permanent disability by the United States Veterans Bureau for disability resulting directly from such war service, shall * * * be placed upon, and thereafter continued on, separate retired lists, hereby created as part of the Army * * * to be known as the emergency officers’ retired list of the Army * * * with the rank held by them when discharged from their commissioned service * * * and shall receive * * * retired fay at the rate of 75 fer centum of the fay to which they were entitled at the time of their discharge from their commissioned service * * *. [Italics supplied.]
Sec. 2. * * * The term “World War,” as used herein, is defined as including the period from April 6, 1917, to July 2,1921.
This court has had occasion to consider the phrase “when discharged from their commissioned service” in connection with the discharge of an Emergency Commissioned Officer with subsequent service in an Officers’ Reserve Oorps in Tall, Executrix v. United States, 79 C. Cls. 251. The decedent was an enrolled member of the United States Naval Reserve Force assigned to active duty on October 11, 1917, with the provisional rank of ensign, as an Emergency Officer of the Navy. He served until March 25,1919, when he was relieved from active duty and reverted to the Naval Reserve Force. On June 4,1919, he was provisionally appointed a Lieutenant (jg) in the Naval Reserve Force, and performed duty for training purposes between June 18 and July 2,1921, and September 16 and September 30, 1922. Decedent’s commission in the Naval Reserve Force was terminated as of January 3,1926, and effective June 4,1928, he was placed on the Emergency Officers’ retired list of the Navy as an ensign. Decedent sued for retirement pay as a Lieutenant (jg), the rank held in the Naval Reserve Force. This court said (p. 260) :
The service performed by plaintiff in 1921 and 1922 was for training purposes * * * and he cannot, we think, be regarded as having served as an emergency *786 officer of the Navy during the World War in the rank of lieutenant, junior grade, in such a way as to entitle him to 75 percent of the active service pay of that rank within the meaning of the Act of May 24,1928.
Again at p. 261:
* * * The 1928 act clearly contemplates active service as an officer of the Navy during the World War as distinguished from duty for training purposes, and contemplates active-service pay rather than the retainer pay as an officer in the Naval Reserve Force on inactive duty. * * *
There is a close similarity between the facts in the Tall case and the one before us. Here, plaintiff’s only active service performed as an Emergency Officer was that prior to October 30, 1920. During the ten years between May 16, 1921, and May 10,1931, while holding a commission as Captain in the Judge Advocate General’s Department, Officers’ Reserve Corps, plaintiff was on active duty for three 2-week training periods, to wit: May 17 to May 31,1925; from September 29 to October 13,1926; and from April 16 to April 29, 1928, a total period of 45 days.
Under these facts and our decision in the Tall case, we conclude that the Act of May 24, 1928, did not contemplate and plaintiff is not entitled to have counted for longevity pay purposes the ten years during which he held his commission in the Officers’ Reserve Corps.
At the time of plaintiff’s discharge as an Emergency Commissioned Officer in 1920, he had served one year, eleven months and twenty-three days, and while the record is silent as to whether he was given longevity credit for the ten months and. twenty-seven days’ service as an enlisted man in the Virginia Volunteers, even if such credit had been allowed plaintiff, his total longevity credit when he was discharged on October 30, 1920, would still be less than three years.
Plaintiff received credit for all the active service which he rendered as a commissioned officer prior to his discharge in 1920.
During the time from October 30,1920, through February 28,1922, and from January 1,1926, through August 3,1928, *787 plaintiff received disability pension awards from the Yet-erans Administration. (He received none from March 1, 1922, through December 31,1925, as his disability was determined not to have been disabling to a compensable degree.)
Under the Act of August 4,1928,[2] through June 30,1933, he received Emergency Officers’ retirement'benefits by virtue of a rating of service connected permanent partial disability of 34 percent. His retirement pay of $150 per month was computed on the basis of 75 percent of a captain’s pay with less than three years of service [45 Stat. 735]. . .
As a result of the Act of June 30, 1933, he was dropped from the list and when restored by the Act of July 15,1940, he was «* * * to receive retirement pay at the monthly rate paid to him on March 19,1933 * * and on March 19, 1933, plaintiff was receiving $150 per month.
As of July 1,1946, plaintiff’s retired pay was increased to $172.50 per month based on the Pay Readjustment Act of 1942, as amended by the Act of June 29,1946.
The Pay Readjustment Act of 1942, supra, Section 15, provided:
Sec. 15. On and after the effective daté of this Act, retired officers, warrant officers, nurses, enlisted men, and members of the Fleet Reserve and Fleet Marine Corps Reserve shall have their retired pay, retainer pay, - dr equivalent pay, computed as now authorized by. law on the basis of pay provided in this Act, which pay shall include increases for all active duty performed since retirement or transfer to the Fleet Reserve or Fleet Marine Corps Reserve in the computation of their longevity pay and pay periods * * *. [Italics supplied.]
From these provisions it appears that the Act did not pertain to officers on the Emergency Officers’ Retired List, Plaintiff was not “retired” from the Army, he was “discharged” when the emergency forces were demobilized in *788 1920. He could not be “retired” from the Officers’ Reserve Corps, as his commission was issued for a period of five years, renewed- for an additional five years, and thus “expired” by its very terms. The only “active duty” performed consisted of three two-week training periods previously discussed, aggregating 45 days, which in no way affect his retirement pay.
The Act of June 29,1946, amending the Pay Readjustment Act of 1942, contained Section 6 pertaining to Emergency Officers as follows:
Sec. 6. Hereafter [i. e. effective July 1, 1946] the retired or retirement pay of any person whose name is borne on the emergency officers retired list of the army * * * and who is entitled to receive retired or retirement pay shall, in lieu of being computed upon the basis of the pay to which he was entitled at the time of his discharge from his commissioned service, be computed upon the basis of the rate provided in the Pay Readjustment Act of 1942, as amended by this Act, for an officer of corresponding grade who is credited with the same number of years service for longevity purposes as the number with which such person is credited.
In other words, the 1946 act gave Emergency Retired Officers the right to have their retirement pay computed upon a different rate which embodied the increase provided in the Act of 1942. Instead of the 75 percent of pay received at the time of discharge from the emergency service, 75 percent of the pay of comparable rank based on the 1946 salary scale was provided.[3]
The act does not effect any change in the type or class of service which may be counted in computing retirement pay *789 as Section 6 specially states, “the number- of years of service * * * with which such person is credited * * Plaintiff was credited with less than three years- of service at the time of his discharge and we have found that this was the only service with which he could have been credited when he was placed on the Emergency Officers’ retired list in 1928.
The case of Carroll v. United States, C. Cls. No. 47690, decided by this court on December 6, 1948, does not have any bearing upon what we have said in this case as it is clearly1 distinguishable upon the facts and the statutes involved.
We are of the opinion that the plaintiff’s petition' should be dismissed and accordingly it will be.
It is so ordered.
MaddeN, Judge; Whitaker, Judge; LittletoN, judge;, and JoNes, Chief Judge, concur.

 Act of June 4, 1920, 41 Stat. 775, 10 U. S. C. 353, which amended the Act of June 3,1916.
“Sec. 37. Officers’ Reserve Corps.
«* * * ^ny pers01l who has been an officer of the Army at any time between April 6, 1917, and June 30, 1919 * * * may be appointed as a reserve officer

 House Report No. 1082, 70th Congress, 1st Sess., May 24, 1928, p. 4:
“* * * The bill provides retirement pay of 73 per centum of the compensation paid at the time of discharge from active service to emergency officers who incurred permanent disability of 30 per centum or more as. a .result of their service during the World War. * * * In arriving at a basis for eligibility to retirement of emergency officers under the proposed .legislation, your committee believes that 30 per centum disability.in civil life is comparable to ‘incapacity for active service’ in military life.”

 The legislative history of the Act confirms this view. 92 Cong. Ree. 7474:
' “RETIRED OR RETIREMENT PAT OE EMERGENCY OEEICERS “The House Bill contained no provisions affecting the retired pay of officers whose names are borne on the emergency officers’ retired list of the Army, Navy, Marine Corps, or Coast Guard of the United States. The persons whose names are borne on this list are emergency officers of World War I who were disabled and were granted retired or retirement pay under special legislation. That legislation fixed their retired or retirement pay at 75 percent of the rate of pay which they were receiving at the time their commissioners were terminated. The Senate amendment contained a provision providing in effect, that hereafter the retired or retirement pay of this group of former officers should he based upon the higher rates provided in the Pay Readjustment Act of 19 i2, as amended, for officers of corresponding grades. The conference agreement adopts this provision of the Senate Amendment.” [Italics supplied.]