Dueeee, Judge,
delivered the opinion of the court:
The plaintiff was retired from the Air Force in 1950 in the grade of master sergeant after completing over thirty years of active service. He was advanced to the rank of first lieutenant on the retired list of the Air Force of the United States and has drawn retired pay based on that rank since the date of his retirement. He seeks the difference between the retired pay of a first lieutenant and that of a captain for a period beginning six years prior to the filing of his petition.
The plaintiff served on active duty as a first lieutenant for several years and then as a captain for about two and a half months prior to resuming his permanent status as an enlisted man. His advancement on the retired list to first lieutenant was pursuant to orders of the Department of the Air Force and under the authority of Section 203 (e) of the Army and Air Force Vitalization and Eetirement Equalization Act of *362 1948, 62 Stat. 1081, 1086,[1] hereinafter referred to as the “Act,” which provides in pertinent part:
(e) Each enlisted man of the Regular Army or the Regular Air Force heretofore or hereafter retired under any provision of law, shall upon the completion of thirty years of service, to include the sum of his active service and his service on the retired list, be advanced to the highest temporary commission, warrant, or enlisted grade satisfactorily held by him while serving on active duty, as determined by the cognizant Secretary, during the period September 9,1940, to June 30,1946, and shall receive retirement pay at the rate prescribed by law for his length of service at the time of retirement but based upon such higher or temporary rank or grade * * *.
The year following the passage of the Act, the Secretary of the Air Force issued a policy memorandum regarding advancement on the retired list under section 203 of the Act. In substance this directive announced that the Secretary deemed “satisfactory service,” as the term is used in the Act to be service for at least six months in the highest temporary rank or grade to which a retiring member sought advancement. The six months requirement was already an existing part of the legislation in its application to some service members, e. g., commissioned officers [2] but not in its application to retired enlisted men under section 203 (e).
The plaintiff questions the authority of the Secretary to require that the satisfactory service in the highest officer grade of a retiring enlisted man must have continued for at least six months. This attack on the Secretary’s determination is plaintiff’s primary basis for his claim. Correlatively, he insists that he has satisfied the literal requirements of section 203(e) since his retirement orders referred to his service as a captain and further stated that all of his military service was faithful, conscientious, and worthy of emulation. The Government not only opposes the theory of recovery advanced by the plaintiff but also alleges that he has failed to file his petition within the six year period required by our *363 statute of limitations,[3] since almost nine years passed between tbe retirement action of which plaintiff complains and the initiation of this suit.
Plaintiff, however, is asking judgment only for the six year period immediately preceding the filing of his petition on a so-called continuing claim theory, i.e., a claim accrues in every pay period for which a petitioner is not fully paid the amount to which he is legally entitled. We think that this theory of continuing or multiple claims has merit in certain situations.
The purpose of any statute of limitations is to protect the defendant from stale claims where it would be difficult or impossible for him to obtain the necessary testimony and evidence, due to the passage of time, and to relieve the courts of the burden of deciding cases on facts which cannot be clearly ascertained. In Gordon v. United States, 134 Ct. Cl. 840 (1956), this court said, at page 843, “* * * when the claim is dependent only upon the law as written independent of any action by a board or agency, an action may be brought for any payments becoming due thereon within six years before the petition is filed.” It is clearly apparent that the purpose of the statute of limitations is not defeated or undermined in entertaining claims, the operative facts of which first occurred over six years ago, as long as the facts necessary to a determination of those claims are before us with certainty and not obscured by the dust of years. As in Gordon there are no uncertain, undiscovered, or disputed facts in this case. Its resolution depends only on an interpretation of the law and regulations as they existed at the time of plaintiff’s retirement which are readily available to the court and the parties.
The action of the Air Force in retiring plaintiff as a lieutenant in 1950 was an interpretation of the law and regulations as they pertained to an undisputed military record and not an independent factual board action as referred to in the quoted language of the Gordon case, supra. It would not serve the objectives of the statute of limitations to foreclose this plaintiff from pursuing the claims accrued during the *364 pay periods which are within the six year period preceding the date of his petition.[4]
Turning to the substantive problems of this case we see that plaintiff maintains that it was not the intention of Congress that a retired enlisted man be required to have served at least six months satisfactory active duty as an officer to be advanced to that rank after retirement because had it intended this condition it would have written it into section 203(e) of the Act as it did in respect to retired officers in section 203(a). Neither party has produced anything from the legislative hearings which would give us a hint as to why the six month provision for officers suddenly appeared for the first time in the final draft of the bill when no such requirement had previously appeared in any of the subsections of section 203. Apparently the legislative history is silent on this point. Consequently, we do not feel that we should speculate on the purpose of Congress when there are a number of equally plausible explanations besides the one suggested by plaintiff for this action of Congress.
Subsections (c) and (d) of section 203 of the Act, as well as subsections (a) and (e) provide that the determination *365 as to whether a service member has served satisfactorily in the highest temporary officer grade is to be made by the Secretary of the interested department of the Armed Forces. There are no restrictions on what criteria the Secretary may employ in making that determination, except, of course, that the criteria may not be arbitrary or capricious We think it entirely reasonable for him to have determined that at least six months service in the highest temporary grade was essential before he could determine the character of any retiring member’s service and not only that of a retiring officer. The Secretary is given the discretionary power to determine the character of service of each retiring service man under the Act. There is no reason why he may not include a quantitative factor in making that discretionary determination. The plaintiff has not alleged any arbitrary or capricious conduct on the part of the Secretary either as to the promulgation of the policy directive or as to his finding that the plaintiff had served satisfactorily as a first lieutenant rather than as a captain. This court has said in Brownfield v. United States, 148 Ct. Cl. 411, 419:
The Supreme Court and this court have repeatedly made it clear that where an executive officer enjoys a broad discretionary power, and in the absence of action that is arbitrary, capricious, or unsupported by substantial evidence, a judicial tribunal may not review his decision and substitute its judgment for his. (Citing cases.)
Accordingly, we cannot substitute our judgment for that of the Secretary in promulgating and acting on a policy directive which is clearly within his area of authority, not contrary to law, and not arbitrary or capricious. We think that Congress contemplated action of this sort by the Secretary when it gave him the authority, in section 205(a) to “promulgate for [his] respective service[s] such regulations as may be necessary to carry into effect the provisions of this title.”
Having decided that the policy directive of the Secretary was not unauthorized or illegal we need not discuss the plaintiff’s contention that he has satisfied the requirements of section 203(e). We are not inclined to accept the argu *366 ment that plaintiff served satisfactorily as a captain merely because his efficiency ratings and retirement commendation may have indicated that his service was honorable during this period. But even if we were so inclined we would be forced to say that plaintiff may not prevail because, in any event, he did not serve as a captain for the six months required by the implementing directive.
For the foregoing reasons, plaintiff’s motion for summary judgment is denied. Defendant’s motion for summary judgment is granted, and plaintiff’s petition will be dismissed.
It is so ordered.
Larahore, Judge; Madden, Judge; and Jones, Chief Judge, concur.
Whitaker, Judge, took no part in the consideration and decision of this case.

 See. 203(e), Title II, Act of June 29, 1948, also known as Public Law 81(1 80th Cong., 2d Sess.

 Section 203(a) of the Act.

 28 U.S.C. §2501 (1958).

 This position does not achieve an effect inconsistent -with our holding in Feldman v. United States, 149 Ct. Cl. 22. The court there denied a theory of continuing claim in the case of a veteran preference eligible removed in a reduction in force on the ground that to admit the theory would not reasonably implement the statutes and regulations governing reductions in force. Civilian reductions in force involve different considerations of factual settings than do military retired pay cases which involve questions of law. The Feldman opinion made reference to Judge Littleton’s opinion in Cannon v. United States, 137 Ct. Cl. 104 (1956), which voiced the belief that “each failure of the employer to pay the wages or salary at the end of the time stipulated for payment will give rise to a separate claim or cause of action for wages not paid.” The Feldman case approves of the earlier Moser case (42 Ct. Cl. 86, 49 Ct. Cl. 285, and 58 Ct. Cl. 164) wherein a retired Navy officer recovered judgments for increased retired pay in 1914 and 1923 covering periods intervening since an earlier favorable judgment in 1907 had finally determined the factual and legal questions. After each of the first two suits the Navy had refused to rectify its erroneous treatment of plaintiff’s retired pay, and twice thereafter he filed suit within six years of the prior judgment for all monies due him since the date of that prior judgment. (The Moser situation, incidentally, is the only time that the Government agency involved has failed to correct the plaintiff’s pay records following a decision of this court.)
MacFarlane v. United States, 134 Ct. Cl. 755 (1956) is unlike the Gordon case, decided the same day, since Mac Farlane was seeking disability retred pay based on his physical condition at the time of his release from active duty over six years earlier. There had never been any determination of physical disability for retirement and so a determination of the facts as they had existed over six years earlier would have been necessary.