Dttefee, Judge,
delivered the opinion of the court:
The plaintiff William T. Colman served in the United States Army (Air Corps) from February 20, 1928 under successive appointments and promotions up to his appointments as a lieutenant colonel (temporary) United States Army (Air Corps) on January 23, 1942, as a colonel, Army of the United States (Air Corps), July 9, 1942, and as a lieutenant colonel, Army of the United States, December 24, 1942. His appointments as colonel, Army of the United *187 States (Air Corps) and lieutenant colonel, Army of the United States, were terminated September 28, 1943.
On May 5, 1943, plaintiff was relieved as Commander of the Air Corps base at Selfridge Field, Michigan, and thereafter court-martial charges were preferred against him. A general court-martial found him guilty on two specifications of being drunk and disorderly at his station at Selfridge Field, and conduct to the prejudice of good order and military discipline; careless discharge of a pistol by reason of which an enlisted man was wounded; and of being drunk and disorderly in his station at Oscoda Army Air Field, Michigan. These offenses occurred in April and May of 1943.
Following his court-martial, plaintiff was administratively reduced to the grade of captain on September 28, 1943, and by judgment of the court-martial was placed at the foot of the list of permanent captains on the promotion list, to remain there for three years and to be suspended from eligibility for any temporary promotion for a like period.
On November 3, 1943 a Board of General Officers recommended that plaintiff be removed from the active list of the Army. This recommendation was approved by the Secretary of War and plaintiff was retired as captain, effective November 30, 1943. The Air Force Personnel Board reviewed plaintiff’s records and determined that his service did not meet the governing statutes with reference to promotion on the retired list.
In November 1954 the plaintiff applied to the Air Force Board for Correction of Military Becords, asking that his records be corrected to show that he was advanced on the retired list to the rank of major, effective June 29,1948, and to the rank of lieutenant colonel, effective October 1, 1949. Following a hearing, the Board found that plaintiff had served satisfactorily in the grade of major within the meaning of section 203(a) of the Act of June 29, 1948, 62 Stat. 1081,1085, effective June 29,1948.
The Correction Board further found that plaintiff had not “satisfactorily held” the temporary grade of lieutenant colonel within the meaning of section 511 of the Career Compensation Act of 1949, 63 Stat. 802, 829, for the sole *188 reason that plaintiff had served less than six months in that grade and “Hence, he does not meet the conditions which must be met before the Secretary is willing to determine that a member ‘satisfactorily held’ a higher temporary grade” within the meaning of section 511, supra. The Correction Board’s recommendations were approved June 7,1956 by the Assistant Secretary of the Air Force.
Plaintiff claims that for the period commencing June 29, 1948 and ending September 30,1949 he is entitled to receive retired pay at the rate of 37% percent of the active-duty pay of a major with over fifteen years’ service. Defendant concedes that if settlement has not been made with plaintiff by the Air Force Finance Center, prior to a possible judgment of dismissal herein, then plaintiff is entitled to a judgment for the higher retired pay of a major for the period June 29, 1948 to June 30,1956 by reason of the approved action of the Air Force Board for Correction of Military Becords, as here-inbefore noted. Plaintiff has been paid retired pay from July 1,1956, at the rate of 37% percent of the basic pay of a major with over fifteen years’ service.
Plaintiff also claims that for the period commencing October 1, 1949 to date of judgment, he is entitled to retired pay at the rate of 37% percent of the basic pay of a lieutenant colonel with over fifteen years’ service. This is the claim at issue.
Following the enactment of the Career Compensation Act of 1949, supra, under which plaintiff’s claim for increased retirement pay as a lieutenant colonel is asserted, the Secretary of the Air Force issued a memorandum dated November 7, 1949, to the Deputy Chief of Staff for Personnel on the subject of policy regarding “satisfactory service” for the purposes of section 511 of the Career Compensation Act, supra. One of the requirements specified by the Secretary in this memorandum was that “Service in a Commissioned rank must have been at least six months duration,” in order to determine that a member “satisfactorily held” a higher temporary grade within the meaning of the Act.
Section 511 of the Career Compensation Act, supra, under which plaintiff claims, provides that members of the uni *189 formed services theretofore retired for reasons other than physical disability may receive:
(b) monthly retired pay, retirement pay, retainer pay, or equivalent pay equal to 2y2 per centum of the monthly basic pay of the highest federally recognized rank, grade, or rating, whether under a permanent or temporary appointment, satisfactorily held, by such member or former member, as determined by the Secretary concerned, and which such member, former member, or person would be entitled to receive if serving on active duty in such rank, grade, or rating, multiplied by the number of years of active service creditable to him * * *.
Section 203 (a) of the Act of 1948, supra, provides:
Each commissioned officer of the Regular Army or of any reserve component of the Army of the United States, and each commissioned officer of the Regular Air Force or of any reserve component of the Air Force of the United States, heretofore or hereafter retired or granted retirement pay under any provision of law shall be advanced on the applicable officers’ retired list to the highest temporary grade in which he served satisfactorily for not less than six months while serving on active duty, as determined by the cognizant Secretary, during the period September 9,1940, to June 30,1946, and shall receive retired pay at the rate prescribed by law, computed on the basis of the base and longevity pay which he would receive if serving on active duty in such higher grade: Provided, That retired pay of such highest grade shall be without credit for service on the retired list.
Plaintiff emphasizes that section 511 differs from section 203(a) of the Act of June 29, 1948, supra, in this respect: section 203(a) specifies six months service in grade as a prerequisite to advancement on the retired list for officers. Section 511 contains no such requirement, but authorizes retired pay to be computed upon the basis of the highest grade “satisfactorily held.” Plaintiff asserts that the administrative addition by the Secretary of the Air Force in establishing the requirement of six months service was invalid because it was not authorized under the Career Compensation Act and was contrary to the intent of Congress as evidenced by the omission of the six months requirement from this Act, whereas *190 section 203(a) spelled out the criterion of six months service for retired officers in the higher grade.
Plaintiff also contends that the unreasonableness of the Secretary’s regulation is demonstrated by the fact that the reason the plaintiff did not have six months active duty as a lieutenant colonel was because he was promoted to colonel in less than that time, and that the sole reason the Correction Board did not find that he was entitled to the retired pay of a lieutenant colonel was that he had less than six months of active duty in that rank.
In Roberts v. United States, 151 Ct. Cl. 360, it was held that a Secretary’s requirement of a minimum service of six months in grade or rank (for the purpose of promotion of enlisted personnel under section 203 (e) of the 1948 Act), was not arbitrary, capricious or contrary to law even though subsection (e) of section 203 did not specify such six months minimum time in grade for enlisted men (although subsection (a) of the same section of the Act did specify the six months minimum requirement for officers). This court said, at pp.364,365: *191 We think the language quoted, although in a different context as to the statute involved, is directly in point. As we said in Roberts, we cannot substitute our judgment for that of the executive agent involved, in promulgating and acting on a policy directive which is clearly within the area of authority, not contrary to law, and not arbitrary or capricious.
*190 Turning to the substantive problems of this case we see that plaintiff maintains that it was not the intention of Congress that a retired enlisted man be required to have served at least six months satisfactory active duty as an officer to be advanced to that rank after retirement because had it intended this condition it would have written it into section 203(e) of the Act as it did in respect to retired officers in section 203(a). Neither party has produced anything from the legislative hearings which would give us a hint as to why the six month provision for officers suddenly appeared for the first time m the final draft of the bill when no such requirement had previously appeared in amy of the subsections of section 203. Apparently the legislative history is silent on this point. Consequently, we do not feel that we should speculate on the purpose of Congress when there are a number of equally plausible explanations besides the one suggested by plaintiff for this action of Congress.
* * * We think that Congress contemplated action of this sort by the Secretary when it gave him the authority, in section 205(a) to “promulgate for [his] respective service [s] such regulations as may be necessary to carry into effect the provisions of this title.”
*191 The plaintiff contends that the Secretary’s policy is invalid because it was not within his province to reestablish the requirement in section 203(a) of six months service in a commissioned rank “when that requirement had been abolished by Congress in section 511 of the Career Compensation Act of 1949.”
Neither party has produced anything from the legislative hearings which would explain the intent of Congress in omitting the six months requirement. Apparently the legislative history is silent on this point. As the court said in Roberts, supra, we do not feel that we should speculate on the intent of Congress when there are other plausible explanations besides that of Congressional intent to abolish any time limitation as argued by the plaintiff.
We certainly may assume that Congress knew, when it omitted the six months requirement for satisfactory service in officers’ retirement pay from section 511 of the Act of 1949, that the Secretary had promulgated this same policy, without Congressional direction, as to enlisted men under section 203 (e) of the Act of 1948. Congress also knew that the Supreme Court and this court have repeatedly held that such an exercise of broad discretionary power by an executive officer is valid and not arbitrary or capricious. If Congress had intended to abolish the right of the Secretary to impose such a requirement under the new statute of 1949, it would not have left the question of satisfactory service to be “determined by the Secretary concerned” as provided in the Act, without restriction.
Plaintiff also asserts that he served satisfactorily in the grade of lieutenant colonel as evidenced by his record, by his promotion to colonel, and by the action of the Correction Board in refusing to grant him retired pay based on the rank of lieutenant colonel solely because he had not served the prerequisite six months in that rank. Therefore, plaintiff *192 contends, be is entitled as a matter of law, to retired pay computed on the basis of the rank of lieutenant colonel commencing October 1, 1949.
Plaintiff has not claimed entitlement to pay as a full colonel, although he served more than sis months in such grade, subsequent to his service as a lieutenant colonel. This is obviously because of his court-martial conviction for misconduct as a colonel and subsequent reduction in grade to captain.
The plaintiff in Roberts, supra, also failed to have his service in the higher officer grade determined to be “satisfactory service” by reason of the six months requirement of the Secretary, without further specification of cause. He asserted that his retirement orders referred to all of his service as faithful, conscientious, and worthy of emulation, including his service in the highest grade of captain for less than six months. On this point the court said, at pp. 365, 366:
Having decided that the policy directive of the Secretary was not unauthorized or illegal we need not discuss the plaintiff’s contention that he has satisfied the requirements of section 203(e). We are not inclined to accept the argument that plaintiff served satisfactorily as a captain merely because his efficiency ratings and retirement commendation may have indicated that his service was honorable during this period. But even if we were so inclined we would be forced to say that plaintiff may not prevail because, in any event, he did not serve as a captain for the six months required by the implementing directive.
This conclusion also applies to plaintiff’s assertion as above stated.
The parties have stipulated that plaintiff is at least entitled to be paid the difference between the higher retired pay of a major and that paid him as a captain for the period from June 29, 1948, to June 30, 1956, by reason of the approved action of the Air Force Board for Correction of Military Becords, heretofore noted.
Plaintiff is therefore entitled to recover in accordance with this stipulation and judgment to that effect will be entered. In all other respects, plaintiff’s petition will be dismissed with the parties’ motions for summary judgment granted in *193 part and denied in part. The amount of recovery will be determined pursuant to Rule 38 (c).
It is so ordered.
Laramoee, Judge; MaddeN, Judge; Whitaker, Judge, and JONES, Chief Judge, concur.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on May 4,1962, that judgment for plaintiff be entered for $1,751.45.