George E. ABRAMS

v.

The UNITED STATES.

No. 529-59.

United States Court of Claims
Dec. 5, 1962.
Rehearing Denied March 6, 1963.

Harry E. Wood, Washington, D. C., for plaintiff. Emery & Wood, Washington, D. C., on the briefs.

Edgar H. Twine, Washington, D. C., with whom was Joseph D. Guilfoyle, Acting Asst. Atty. Gen., for defendant.

DURFEE, Judge.

Plaintiff brings this action to recover the difference between the retired pay of lieutenant colonel which he is presently receiving, and the retired pay of a colonel, which he claims he should be receiving. This dispute is before us on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.

On August 31, 1941, plaintiff retired in the grade of lieutenant colonel after more than 26 years' active service in the Army. Shortly thereafter, on May 1, 1942, plaintiff was recalled to active duty. On May 15, 1946, he was granted his terminal leave of 78 days, at the expiration of which he would revert to his retired status; he would be re-retired. On this May 15th date, plaintiff was holding the rank of lieutenant colonel. With his notice of terminal leave, plaintiff received a temporary promotion to the grade of colonel. By the terms of this promotion, this higher rank would terminate upon the date of his final release from active duty, that is, at the end of the 78 days. Because of some time spent in the hospital, plaintiff was not separated from the service until October 19, 1946, five months and four days after May 15. Plaintiff held the rank of colonel for just over five months when he retired from the Army. He had now served over 30 years.

Plaintiff immediately became entitled to, and he did receive, retired pay com-

puted under the Pay Readjustment Act of 1942, 56 Stat. 359, 367.[1] He received credit under the 1942 Statute for his World War II service; the retired pay for a colonel and lieutenant colonel with 30 years' service was the same.

In 1947 Congress amended certain legislation concerning retired military personnel. Section 521(b) of the Officer Personnel Act of 1947, 61 Stat. 795, 913 became law. This statute provided that a lieutenant colonel retired after January 1, 1946 with 28 years' commissioned service, and any military service prior to November 12, 1918, shall be retired in the grade of colonel. Plaintiff met these requirements. This statute provided that a former officer so affected shall receive "retired pay computed as otherwise provided by law for a colonel with the same length of service * * *." Where plaintiff is concerned, the retired pay "otherwise provided by law for a colonel," was, in 1947, computed under the Pay Readjustment Act of 1942. As we have noted this was the statute under which plaintiff was already being paid. And, to repeat, the pay for a colonel and a lieutenant colonel with 30 years' service was the same under this 1942 legislation.

Manifestly, the 1947 Statute gave plaintiff nothing by way of increase in retired pay. Whether we consider him, in 1947, a retired colonel or a retired lieutenant colonel with 30 years' service makes no difference. The 1947 enactment benefited retired lieutenant colonels with only 28 years of service by giving them colonel's pay also.

In 1949 Congress enacted the Career Compensation Act of 1949, 63 Stat. 802. Section 511 of this statute provides in part:

"On and after the effective date of this section (1) members of the uniformed services heretofore retired for reasons other than for physical disability, * * * shall be entitled to receive retired pay, * * * in the amount whichever is the greater * * * (a) The monthly retired pay, * * * in the amount authorized for such members and former members by provisions of law in effect on the day immediately preceding the date of enactment of this Act, or (b) monthly retired pay, * * * equal to 2½ per centum of the monthly basic pay of the highest federally recognized rank, grade, or rating, whether under a permanent or temporary appointment, satisfactorily held, by such member or former member, as determined by the Secretary concerned, and which such member, former member, or person would be entitled to receive if serving on active duty in such rank, grade, or rating, multiplied by the number of years of active service creditable to him: * * *."

Section 516 of this Statute provides in part:

"Members and former members of the uniformed services, * * * who have been, or may hereafter be, retired * * * and entitled to receive retired pay, * * * computed under the provisions of this or any other Act, shall be entitled, subject to the provisions hereinafter listed, to receive increases in such retired pay, * * * for all active duty performed after retirement * * *: *Provided*, That the retired pay, * * * to which such member or former member shall be entitled upon his release from active duty shall be computed by multiplying the years of service creditable to him for purposes of computing retired pay, * * * at the time of his retirement * * * plus the number of years of subsequent active duty performed by him by 2½ per centum, and by multiplying the product thus obtained by the base and longevity pay or the basic pay, as the case may be, of the rank or grade in which he would be eligible, at the time of his release from active duty, to be retired * * * ex-

---

1. See 10 U.S.C.A. §§ 5597, 5787.

cept for the fact that he is already a retired person * * *."

Since October 1, 1949, the day the Career Compensation Act took effect, plaintiff has had his retired pay computed under § 511(b). He is now receiving 75 percent of the basic pay of a lieutenant colonel with over 30 years' service under this section. The Secretary of the Army has refused to treat plaintiff as a retired colonel, but has, instead, determined that the highest federally recognized rank satisfactorily held by him at the time of his retirement, is that of lieutenant colonel. Plaintiff attacks this detemination as being contrary to law because he held the rank of colonel for five months on the day he concluded his military career.

■ Is the determination by the Secretary of the Army to treat plaintiff as a lieutenant colonel rather than a colonel under § 511(b), contrary to law? Section 511(b) states in clear terms that the Secretary shall have the power to determine the highest rank "satisfactorily held" by the retired officer. Pursuant to this delegation of authority, the Secretary of the Army directed the Adjutant General to interpret satisfactory service as active duty in a particular rank for at least six months' duration. Acting upon this direction, the Adjutant General notified plaintiff that, for retired pay purposes, he will not be considered a colonel because he held that rank for less than six months. This decision was not contrary to law. It falls squarely within the Secretary's power to determine satisfactory service. Plaintiff held his colonel's rank for less than six months, thus failing to meet the Secretary's criteria. We have already held that such six-month requirement is permissible and reasonable. William T. Colman v. United States (1961), Ct.Cl., 292 F.2d 283.

The Adjutant General stated also that plaintiff's rank of colonel will not qualify for the additional reason that it was a terminal leave promotion. Evidently the Adjutant General was interpreting the Secretary's regulation that the service considered in a particular rank must be

"active" service. The six-month requirement is sufficient in itself to sustain the Adjutant General's determination. In any event, it cannot be described as unreasonable or beyond the Adjutant General's power to interpret "active" duty for retired pay purposes by discounting the period of plaintiff's leave. At the conclusion of the five months and four days, plaintiff was automatically separated from the service. It was a "terminal" leave. He held his rank of colonel for only this period of time. He had no active duty assignment to perform. The Secretary of the Army has not found that the Adjutant General has acted beyond the scope of his authority.

■ Plaintiff argues next that the 1947 Officer Personnel Act, § 521(b), made plaintiff a colonel in any event, and that the Secretary of the Army cannot disregard this fact under § 511(b) of the Career Compensation Act. We have no power to declare plaintiff a colonel. That function is left to the military. But assuming plaintiff's position is correct, that he must be considered a retired colonel, plaintiff is put in no better position by the 1949 legislation. Section 511 of the Career Compensation Act provides that a retired serviceman is to receive retired pay measured under subsection (a) or (b), whichever subsection provides the greater amount. Under Option (a) the serviceman shall receive the exact same amount of retired pay that he was receiving prior to the enactment of the Career Compensation Act. In plaintiff's case that was the retired pay he was receiving under the 1942 Pay Readjustment Act. And as we have explained above, that amount of pay was the same for colonels and lieutenant colonels with 30 years' service. And further, to repeat again, the 1947 Officer Personnel Act gave plaintiff nothing, even if it did have the effect of constituting him a colonel. His pay still remained the same then. Under § 511(a) of the 1949 Act, plaintiff would receive the pay he was receiving before the passage of § 511(a).

The Secretary of the Army found that applying subsection (b) of Section 511

resulted in a greater amount. Plaintiff has therefore been paid accordingly ever since. But this subsection confers certain discretionary power upon the Secretary. He is not to look simply at a serviceman's highest rank and pay him pursuant thereto, but he is to determine what the highest rank "satisfactorily held" was. So whether plaintiff was retired as a colonel or not, or made such by the 1947 legislation, in 1949 the Secretary is to determine whether plaintiff held this rank satisfactorily. We have decided herein that the Secretary has employed reasonable criteria and has lawfully concluded that plaintiff should receive the pay of a lieutenant colonel.

Congress enacts this legislation and confers the retired pay benefits on its own terms. Congress has not seen fit to pay men under § 511(b) on the basis of their highest ranks, but only on the highest rank "satisfactorily held." Plaintiff is in no position to urge before this court that Congress or the Secretary must give him colonel's pay—this is the province of Congress. Our duty is to see that the law is fairly and properly applied and we find it so applied here.

Directing our attention to Section 516 of the Career Compensation Act, plaintiff urges that this section also demands that he be retired and paid as a colonel. Section 516 states that a serviceman, once retired, is to be given credit for active military duty served subsequent to the said retirement. Plaintiff claims that the 1949 Act is retroactive in this respect; defendant claims that the subsequent active duty must be served after October 1, 1949, the effective date of the Career Compensation Act, that is, that this section is prospective only.

We will assume for the moment that plaintiff is correct in his contention that § 516 may be applied retroactively. And we will assume that plaintiff was retired in 1946 as a colonel, or at least that by the 1947 legislation he was given that rank.

Section 516 of the Act of 1949 provides for an increase "in such retired pay" that the serviceman is already receiving under "this or any other Act," for subsequent active duty after retirement. The increase is measured by adding the total prior and subsequent years of service, multiplying by 2½ per centum, and then multiplying the product thus obtained "by the base and longevity pay or the basic pay, as the case may be, of the rank or grade in which he would be eligible, at the time of his release from active duty, to be retired * * * except for the fact that he is already a retired person * * *." The base and longevity pay that plaintiff received in 1946, "at the time of his release from active duty" was computed under the 1942 Pay Readjustment Act; again, the pay for a colonel and a lieutenant colonel with 30 years' service, was the same under this statute. Under § 516, in 1949, plaintiff's retired pay under the 1942 Act is the determinative amount. Section 516 does not provide that the basic pay of a colonel, in plaintiff's case, under the Career Compensation Act shall measure the increase for subsequent active duty, but the pay of the serviceman's rank "at the time of his release from active duty."

There is nothing in § 516 that entitles plaintiff to the increased rates for a colonel provided for by the Career Compensation Act. If plaintiff, then, is to receive the benefit of the increased rates, he is again thrown back to § 511 of this 1949 Act. His rate of pay under subsection (a), even if we apply § 516 to plaintiff, is less than the pay he would receive under subsection (b). And this is true whether the Secretary of the Army considers plaintiff a colonel or lieutenant colonel under subsection (b). But here again, plaintiff would have us say that the Secretary may not discount plaintiff's rank of colonel. He would have us apply § 511(b), as to increased rates of pay but ignore the express discretionary power delegated to the Secretary therein. We are not at liberty to interpret this section so as to apply one part of it and emasculate the rest.

In any event plaintiff has received credit for his subsequent military service. Plaintiff was retired in 1941 with

26 years' service. He was reactivated in 1942 and retired again in 1946. These four years of active duty after his 1941 retirement gave plaintiff 30 years' service. Plaintiff informs us that presently he is being paid as a lieutenant colonel with 30 years' service. Under § 511(b) the Secretary of the Army took into consideration plaintiff's four years of active duty after his 1941 retirement and determined that the highest rank satisfactorily held by plaintiff, up to the date of his last separation from the Army, October 19, 1946, was that of lieutenant colonel. Plaintiff has received credit for all his active duty. We have not been informed that the Secretary has excluded the last five months and four days of plaintiff's accreditable duty, only that the Secretary has refused to consider his status as a colonel for this period of time.

What plaintiff seems to be demanding is that we interpret these two sections, 511(b) and 516, so as to run counter to each other. Under § 511(b) the Secretary is given authority to determine what is satisfactory duty in a particular rank. Assuming arguendo that § 516 is applicable, plaintiff urges that the Secretary must also accept his rank of colonel for the increase under § 511(b), thereby negating any discretionary authority the Secretary has under this section. We have already stated that plaintiff may make no such demands on the Secretary. Nor are we disposed to so construe the provisions within a statute that they conflict.

Section 516 itself clearly demands no such preemptory acceptance of plaintiff's rank of colonel—the highest rank he actually held. The statute speaks of servicemen who have been retired and who may be entitled to receive retired pay under "this or any other Act * * *." Servicemen receiving pay under § 511(b) of "this" Act are contemplated. The proviso of § 516 declares that the pay a serviceman shall receive pursuant to this section shall be measured not by the rank he actually retires in, but, instead, by the rank "in which he would be eligible * * * to be retired [in] * * *."

Apart from the rules of statutory construction, one only has to consider the confusion that would result by applying § 516 retroactively to be convinced that such an interpretation is unwarranted. To hold that the subsequent active duty spoken of in § 516 may be such as has been served before the effective date of this law, injects an element of uncertainty into what is otherwise a reasonably clear plan for the payment of retirement benefits to our servicemen. We hold that § 516, as any statute, is to be applied prospectively only, in the absence of a clear expression by Congress to the contrary.

The language and operation of § 516 fortify us in this. Section 516 uses words of retroactive effect in describing servicemen "who have been, or may hereafter be, retired * * *," whereas no such retroactive language is used in referring to "active duty performed after [such] retirement * * *." Further, § 15 of the Pay Readjustment Act of 1942, 56 Stat. 359, 367, specifically provided that a retired serviceman would receive increases for subsequent active duty. It was pursuant to this section that plaintiff was compensated for 30 years' service in 1946. Up to 1949 plaintiff and others similarly situated were already receiving pay for subsequent active duty. The increases were measured by the rates provided in the 1942 Pay Readjustment Act. Section 516 of the Career Compensation Act of 1949 provides that the retiree receive "increases in such retired pay" as he is already receiving under "this or any other Act * * *" for subsequent active duty. We cannot presume that Congress was unmindful of its prior legislation. Congress was not being redundant or providing for double compensation when it enacted § 516; it was looking to the future.

In the final analysis, the 1949 Career Compensation Act increases the retired pay of our servicemen. The increase is provided for in § 511. Under subsection (b) the Secretary of the Army may disregard the highest rank a serviceman may have held in fact, and determine that

a lower rank was the highest "satisfactorily held." It is for Congress to decide how it shall confer its benefits. Plaintiff may not demand a higher rate than Congress has, by law, ordained.

Plaintiff has failed to demonstrate that the law has been unfairly or improperly applied. Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted. Plaintiff's petition is dismissed and judgment is entered to that effect.

JONES, Chief Judge, and DAVIS, LARAMORE and WHITAKER, Judges, concur.