John L. WILSON, Plaintiff–Appellant,

v.

UNITED STATES Defendant–Appellee.

No. 00–5132.

United States Court of Appeals, Federal Circuit.

Jan. 11, 2001.

Before NEWMAN, RADER, and BRYSON, Circuit Judges.

PER CURIAM.

The Department of the Army Board for Correction of Military Records denied John L. Wilson's request to be retired in pay grade E–9. The United States Court of Federal Claims dismissed Mr. Wilson's challenge of the Correction Board's decision. Because Mr. Wilson's complaint fails to state a claim upon which relief may be granted, this court *affirms*.

### I.

Mr. Wilson served in the Alabama Army National Guard for nearly forty years. Mr. Wilson's complaint alleges that Colonel Marvin Speigner informed him in May 1972, that if he served in a sergeant major position at an E–9 pay grade for at least one day, he would be retired at an E–9 pay grade when he reached age sixty. Colonel Speigner further advised Mr. Wilson that a sergeant major position at an E–9 pay grade was available, but that he would have to agree to relinquish the grade shortly after acquiring it so that other service members could subsequently occupy the position. On May 10, 1972, the Army promoted Mr. Wilson to the rank of sergeant major at pay grade E–9. On the next day, May 11, Mr. Wilson requested an administrative reduction in rank to platoon

sergeant at pay grade E–7, and the Army administratively reduced Mr. Wilson's rank on May 12. Accordingly, Mr. Wilson held the E–9 pay grade for only two days. The E–9 pay grade was the highest pay grade that Mr. Wilson held during his career.

The Army assigned Mr. Wilson to the Retired Reserve in 1996, thereby making him eligible to receive retirement benefits. In 1995, Mr. Wilson requested that the Correction Board correct his record to indicate that the highest pay grade he had satisfactorily held during his career was E–9, not E–8. The Correction Board denied Mr. Wilson's request because Mr. Wilson had not held the E–9 pay grade for at least 185 days or six months, as required by Army Regulation 135–180, ¶ 2–11c (1974) (including permanent changes 2 through 12). Mr. Wilson requested reconsideration, alleging that at least three other service members had retired in their highest pay grades without serving 185 days or six months in those grades. The Correction Board denied his request.

Mr. Wilson filed a complaint in the Court of Federal Claims, seeking review of the Correction Board's decision. The court held that Mr. Wilson's two days of service in the E–9 grade position were insufficient to meet the requirements of Army Regulation 135–180, ¶ 2–11. Thus, the court concluded that Mr. Wilson had not satisfactorily held the E–9 grade, and the court dismissed Mr. Wilson's complaint. Mr. Wilson appeals.

## II.

■ Whether the Court of Federal Claims properly granted a motion to dismiss for failure to state a claim upon which relief may be granted is a question of law that this court reviews *de novo*. *First Hartford Corp. Pension Plan & Trust v. United States,* 194 F.3d 1279, 1286–87

(Fed.Cir.1999). "A court may dismiss for failure to state a claim upon which relief may be granted only when it is beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

■ In reviewing an agency's construction of a statute, if the statute unambiguously expresses the intent of Congress on the relevant issue, this court and the agency must give effect to that intent. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). However, "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. "In such a case, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Id.* at 844.

Mr. Wilson and the Government agree that 10 U.S.C. § 1406(b)(2) (1994 & Supp. IV 1998) controls Mr. Wilson's pay grade for purposes of determining his retired pay base. That section states in relevant part, "the retired pay base is the monthly basic pay, determined at the rates applicable on the date when retired pay is granted, *of the highest grade held satisfactorily by the person at any time in the armed forces.*" 10 U.S.C. § 1406(b)(2) (emphasis added). The statute only requires that the grade be "held satisfactorily"—it does not require a specific length of time that the service member must hold the grade. *Id.* Accordingly, this court must look to the Army's answer to this issue and determine whether it is permissible.

Army Regulation 135–180, ¶ 2–11c states:

    c. . . . . In arriving at the highest grade satisfactorily held, the following criteria will apply:

. . . .

(2) If the soldier was transferred to the Retired Reserve or discharged on or after 25 February 1975, retired grade will be that grade which a commissioned officer or enlisted soldier held while on active duty or in an active reserve status *for at least 185 days or six calendar months.*

In determining whether this time requirement is a reasonable interpretation of the "held satisfactorily" statutory requirement, a decision of the Court of Claims, this court's predecessor, is instructive. In *Roberts v. United States,* 151 Ct.Cl. 360 (1960), the court encountered a statute that allowed the secretary of the interested department of armed services to determine whether a service member had served satisfactorily. The Secretary of Air Force issued a policy memorandum stating that satisfactory service included serving at least six months in the rank or grade. *Id.* at 362. As with § 1406(b)(2), the statute was silent on the issue, and neither party had produced relevant legislative history. *Id.* at 364. The Court of Federal Claims there stated, "We think it entirely reasonable for [the Secretary] to have determined that at least six months service in the highest temporary grade was essential before he could determine the character of any retiring member's service . . . ." *Id.* at 365. The court went on to state that the statute had given the Secretary discretionary power, and that it was within the Secretary's power to include a quantitative factor in the determination. *Id.; see also Colman v. United States,* 155 Ct.Cl. 185, 292 F.2d 283, 286–87 (Ct.Cl.1961) (citing *Roberts* and upholding a six-month requirement under the statute discussed in *Roberts* ).

▮ The statute at issue in *Roberts* expressly delegated to the Secretary authority to determine satisfactory service. *Roberts,* 151 Ct.Cl. at 364–65 (discussing § 203(e) of the Army and Air Force Vitalization and Retirement Equalization Act of 1948, 62 Stat. 1081, 1086). Section 1406(b)(2) does not include such an express delegation. However, as the Supreme Court has noted, "[s]ometimes the legislative delegation to an agency on a particular question is implicit rather than explicit." *Chevron,* 467 U.S. at 844. Such is the case if a statute is silent on an issue, leaving a gap that an agency must fill. *See id.* at 843–44. As in *Roberts,* the Army's use of a quantitative time limit to aid in determining whether a service member has satisfactorily held a grade is a reasonable exercise of the Army's authority. Therefore, this court gives the time requirement of Army Regulation 135–180, ¶ 2–11c controlling weight as a permissible interpretation of § 1406(b)(2).

▮ This court recognizes that ¶ 2–11c was not in effect when Mr. Wilson occupied the E–9 grade position. However, § 1406(b)(2) was in effect at that time. Paragraph 2–11c only represents the Army's permissible interpretation of the requirement in § 1406(b)(2) that a position be satisfactorily held. Moreover, Government retirement benefits are normally determined by the law in effect at the time of retirement. *See Zucker v. United States,* 758 F.2d 637, 640 (Fed.Cir.1985); *Nordstrom v. United States,* 169 Ct.Cl. 632, 342 F.2d 55 (Ct.Cl.1965). At the time of Mr. Wilson's retirement in 1996, ¶ 2–11c had been in effect for over twenty years. Accordingly, the Army's permissible interpretation of § 1406(b)(2), as set forth in ¶ 2–11c, applies to Mr. Wilson's retirement benefits.

▮ This court accepts as true Mr. Wilson's allegation that Colonel Speigner told him that holding the E–9 grade position for even a single day would allow Mr. Wilson to retire at that grade and his

allegation that other service members have retired at grades which they held for less than 185 days or six months. Were this a suit between private litigants, these alleged facts might give Mr. Wilson rights based on contract or estoppel. However, entitlement to Government retirement benefits "must be determined by reference to the statute and regulations governing these benefits, rather than to ordinary contract principles." *Zucker*, 758 F.2d at 640. Accordingly, Mr. Wilson cannot invoke contract or estoppel rights to claim increased retirement benefits. *See id.* ("[C]ourts have consistently refused to give effect to government-fostered expectations that, had they arisen in the private sector, might well have formed the basis for a contract or an estoppel.").

Mr. Wilson admits that he held the E–9 grade position for only two days and that this time is insufficient to meet the time requirements of Army Regulation 135–180, ¶ 2–11c. Therefore, because those time requirements are a permissible interpretation of § 1406(b)(2), this court affirms the decision of the Court of Federal Claims to dismiss Mr. Wilson's complaint.