**Thomas J. GRAYSON**

v.

**The UNITED STATES.**

No. 248-54.

United States Court of Claims.

March 6, 1957.

Warren E. Miller, Washington, D. C., for plaintiff. Elizabeth Hulen, Jackson, Miss., was on the brief.

John R. Franklin, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

Plaintiff was a first lieutenant of Infantry in the National Army during World War I. He was wounded, awarded the Distinguished Service Cross and the Croix de Guerre for gallantry in action, and was honorably discharged on October 14, 1919. On December 13, 1928, he was placed on the Emergency Officers' Retired List, and from that date until June 29, 1948 he drew retired pay equal to 75 per centum of his pay as a first lieutenant. On June 29, 1948, he was advanced on the Retired List to the grade of Colonel, and since then he has drawn the retired pay of a Colonel. He claims that since June 29, 1948 he is entitled to the retired pay of a Brigadier General, instead of Colonel.

From October 26, 1942 to August 2, 1946 plaintiff had served as Colonel in the Army of the United States, Air Corps, but for two periods prior to October 26, 1942, when plaintiff was commissioned a Colonel in the Army of the United States, plaintiff had served as a Brigadier General in the Adjutant Gen-

eral's Department, National Guard of the United States. These were the periods during which he was federally recognized as Adjutant General of the State of Mississippi. The periods were from July 1, 1933 to January 20, 1936, and from September 26, 1940 to May 25, 1942.

On February 15, 1935, plaintiff was appointed Brigadier General, Adjutant General Department, National Guard of the United States. This Commission terminated on January 20, 1936, "on a/c being relieved as The Adjutant General."

About four years later, plaintiff was again appointed Adjutant General of the State of Mississippi, and on October 7, 1940, he was again "Federally recognized as Brigadier General, Adjutant General's Department, Mississippi National Guard." On October 15, 1940, he was ordered, by Special Order #226, Headquarters of the Fourth Corps Area, to "active duty for a period of 12 months, unless sooner relieved. * * *" He was directed to proceed to Barksdale Field, Louisiana, for physical examination and indoctrination, and then to Jackson, Mississippi, as State Selective Service Executive.

From September 19, 1940, to November 1, 1940, plaintiff was a Major General in the Mississippi National Guard, but was not Adjutant General. On November 1, 1940 he was appointed Adjutant General of the State of Mississippi, following which he was "extended federal recognition in the National Guard of Mississippi as Brigadier General, Adjutant General's Department, State Adjutant General."

Then on February 21, 1941, the Adjutant General of the United States notified plaintiff as follows:

"By direction of the President, by and with the advice and consent of the Senate, you have been appointed Brigadier General, Adjutant General's Department, National Guard of the United States, Army of the United States, to date from October 9, 1940, under the provisions of Section 38 of the National Defense Act. * * * If you accept, this appointment will continue in force at the pleasure of the President for the time being, for the period during which your present federal recognition as a National Guard Officer shall continue in effect, and will terminate upon the expiration thereof."

On May 25, 1942, plaintiff resigned as Adjutant General, State of Mississippi, and as Director of Selective Service, and on orders from the Fourth Corps Area, dated June 15, 1942, he was relieved as Brigadier General, Army of the United States, effective "25 July 1942, by resignation as State Adjutant General and relief from federal service."

On the basis of this service as Brigadier General, Army of the United States, plaintiff claims he is entitled to the retired pay of that rank under the provisions of section 203(a) of the Act of June 29, 1948, 62 Stat. 1081, 1085, § 1002 of Title 10 U.S.C.A. This section reads:

"Each commissioned officer of the Regular Army or of any reserve component of the Army of the United States, and each commissioned officer of the Regular Air Force or of any reserve component of the Air Force of the United States, heretofore or hereafter retired or granted retirement pay under any provision of law shall be advanced on the applicable officers' retired list to the highest temporary grade in which he served satisfactorily for not less than six months while serving on active duty, as determined by the cognizant Secetary, during the period September 9, 1940 to June 30, 1946, and shall receive retired pay at the rate prescribed by law, computed on the basis of the base and longevity pay which he would receive if serving on active duty in such higher grade: *Provided*, That retired pay of such highest grade shall be without credit for service on the retired list."

On December 30, 1949, the Secretary of the Army notified plaintiff that he was informing the Comptroller General that plaintiff had served satisfactorily as Brigadier General, Army of the United States, for a period of not less than six months; but the Comptroller General ruled that plaintiff was not entitled to be advanced on the retired list to that rank.

On February 20, 1951, the Secretary of the Army wrote the Comptroller General that he thought plaintiff was entitled to be so advanced; but the Comptroller General ruled to the contrary, because he said that plaintiff's appointment as Brigadier General, Army of the United States, was a permanent appointment, which was not covered by section 203(a) of the Act of June 29, 1948, *supra*, that Act referring only to a "temporary" grade held by an officer.

We think the ruling of the Comptroller General was in error.

In the first place, by the Act of June 29, 1948, it was not intended to prefer an officer holding a temporary grade over an officer holding a permanent grade. Prior to that Act an officer retired for disability could be retired only in his permanent grade; but many officers, holding permanent commissions in the Regular Army or in the Reserve Corps, were advanced to higher temporary grades during World Wars I and II, and, after the war was over, reverted to their permanent grades. The Act of June 29, 1948, was designed to give such officers the benefit of their wartime service in such higher grades.

It was satisfactory service in the grade that entitled the officer to advancement, whether that grade was permanent or temporary. Congress could not have intended to prefer service in a temporary grade over service in a permanent one. The spirit of the Act was that an officer was entitled to retired pay in the highest grade held by him, temporary or permanent.

But, if it be necessary that the grade be temporary, and not permanent, plaintiff still qualifies, because his grade of Brigadier General, Army of the United States, was clearly temporary.

National Guard Regulations 15, providing for the organization of the National Guard, in section I, par. 3.c, provides for a certain number of commissioned and non-commissioned officers. If provides for one Brigadier General and states that that rank is to be held by "The State Adjutant. General only." Sections 116 and 219 of the Constitution of Mississippi provide for a term of four years for the Governor and make him ineligible for another immediately succeeding term; and they also provide for the appointment by him of an Adjutant General, whose term of office should expire with the Governor's.

Hence, plaintiff's first appointment as Brigadier General, National Guard of the United States, expired "on a/c being relieved as The Adjutant General." Hence, also, his last appointment as "Brigadier General, Adjutant General's Department, National Guard of the United States, Army of the United States," was to "continue in force at the pleasure of the President for the time being, for the period during which your present federal recognition as a National Guard Officer shall continue in effect, and will terminate upon the expiration thereof."

When the term of plaintiff's office as Adjutant General expired, with the expiration of the Governor's term of office, his appointment as Brigadier General, Army of the United States, terminated. His appointment as Brigadier General was therefore temporary.

The Government concedes that plaintiff was entitled to be advanced on the Emergency Officers' Retired List from first lieutenant to Colonel, by virtue of his appointment on October 26, 1942 as a Colonel, Army of the United States, Air Corps, a temporary grade. His appointment as Brigadier General was in the Army of the United States and was no less temporary.

Plaintiff is entitled to recover, and judgment will be entered to that effect. The amount of his recovery will be determined under Rule 38(c), 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and MADDEN and LITTLETON, Judges, concur.

LARAMORE, Judge (dissenting).

I respectfully dissent for the following reasons:

Plaintiff's claim for retired pay as a brigadier general is based on the Act of June 29, 1948. Said act applies by its very terms to regulars and reservists. Plaintiff was neither. In World War I he was an emergency officer. His later service was in the National Guard and in the Army of the United States, pursuant to Joint Resolution, September 22, 1941, 55 Stat. 728. Therefore, he could not qualify as either a regular or a reservist under the Act of June 29, 1948.

Furthermore, plaintiff's entitlement to retired pay, if any stems from the Act of May 24, 1928, as amended, 38 U.S.C. § 581, 38 U.S.C.A. § 581, which act provides for payment by the Veterans' Administration of retired pay, based on the pay to which they were entitled on the date of their discharge.

Section 11a–2 of title 38 U.S.C. provides that the decisions of the Veterans' Administration on any question of law of fact concerning payments under any act administered by the Veterans' Administration shall be final and conclusive and not reviewable by the courts. Therefore, this court does not have jurisdiction to pass on the question in issue. See Peyton v. United States, 100 F.Supp. 823, 120 Ct.Cl. 722.

I would agree that plaintiff's right to the retired pay of a brigadier general is equal to his right to the retired pay of a colonel. However, I do not believe he is even entitled to the retired pay of a colonel. See Perkins v. United States, 116 Ct.Cl. 778.

I would dismiss the petition.