**Willis D. FRIESTEDT**

v.

**The UNITED STATES.**

No. 237–62.

United States Court of Claims.
Nov. 12, 1965.

Thomas H. King, Washington, D. C., attorney of record, for plaintiff. Clifford A. Sheldon and Elmer B. Collins, Washington, D. C., of counsel.

Edgar H. Twine, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

LARAMORE, Judge.

In this action plaintiff seeks 75 percent of the retired pay of a first lieutenant rather than retired pay computed at 57½ percent of the pay of a second lieutenant which he is being paid. He bases his action on 10 U.S.C. § 1372 (1958 Ed.); 10 U.S.C. § 1375 (1958 Ed.); 37 U.S.C. § 115 (1958 Ed.); and section 513 of the Career Compensation Act of 1949, 63 Stat. 802, 830.[1]

Plaintiff enlisted in the United States Army on April 18, 1917, and served until October 1, 1918, on which date he was commissioned a second lieutenant and entered upon active duty in that grade.

He served satisfactorily in that grade until his release from active duty on March 10, 1919. On June 27, 1933, he accepted a commission as second lieutenant, Officers' Reserve Corps, United States Army, and entered upon active duty on March 7, 1934. He was promoted to the grade of first lieutenant on April 10, 1936, and served in that grade until his release from active duty on August 30, 1937. He retained his commission in the Officers' Reserve Corps until February 17, 1941, when he was honorably discharged from his Reserve commission for physical disqualification.

On June 12, 1942, plaintiff enlisted in the United States Army and served on active duty as an enlisted man until he was honorably discharged on November 30, 1948. On December 1, 1948, he enlisted in the United States Air Force and served on active duty as an enlisted man until April 7, 1960 when he was retired in the grade of master sergeant because of physical disability. On April 8, 1960, the day after his retirement as an enlisted man, plaintiff was advanced on the retired list to the grade of second lieutenant pursuant to the provisions of section 513 of the Career Compensation Act, supra, which provided that an enlisted person who served in World War I " * * * hereafter retired for any reason, shall (1) be advanced on the retired list of the service concerned to the highest federally recognized officer rank or grade satisfactorily held * * * under a permanent or temporary appointment for any period of service between April 6, 1917, and November 11, 1918, * * * ."

At the time of his retirement plaintiff had 23 years of active service, and on April 15, 1960, he elected to recieve retired pay based on the years of active service method (i. e., 2½ percent of the base pay multiplied by number of years of active duty). Thus he has received monthly retired pay equal to 57½ percent of the monthly basic pay of a second lieutenant since his retirement.

---

1. Section 1375, 10 U.S.C. and section 513 of the Career Compensation Act are the provisions under which plaintiff is now being paid.

**532**

■ At the outset it is noted that 37 U.S.C. § 115 [2] has been held to apply, by its terms, only to officers. Jones v. United States, 282 F.2d 906, 151 Ct.Cl. 119, (1960), cert denied, 365 U.S. 880, 81 S. Ct. 1031, 6 L.Ed.2d 192 (1961). At the time of plaintiff's retirement on April 7, 1960, the only rank he held was that of an enlisted man, namely, a master sergeant in the Air Force. Consequently, the above act has no application to this claim.

Section 1372, 10 U.S.C., provides in pertinent part:

Unless entitled to a higher retired grade under some other provision of law, any member of an armed force who is retired for physical disability under section 1201 or 1204 of this title, or whose name is placed on the temporary disability retired list under section 1202 or 1205 of this title, is entitled to the grade equivalent to the highest of the following:

\*     \*     \*     \*     \*

(2) The highest temporary grade or rank in which he served satisfactorily, as determined by the Secretary of the armed force from which he is retired.

This brings us to the meat of this case, i. e., does the above-quoted act apply only to *temporary* grades held by officers.

We think under the facts and circumstances of this case that the Air Force was in error when it refused to advance plaintiff to the grade of first lieutenant and award him retired pay based thereon.

■ As this court stated in Grayson v. United States, 149 F.Supp. 183, 185, 137 Ct.Cl. 779, 782 (1957):

In the first place, by the Act of June 29, 1948, it was not intended to prefer an officer holding a tempo-

rary grade over an officer holding a permanent grade. Prior to that Act an officer retired for disability could be retired only in his permanent grade; but many officers, holding permanent commissions in the Regular Army or in the Reserve Corps, were advanced to higher temporary grades during World Wars I and II, and, after the war was over, reverted to their permanent grades. The Act of June 29, 1948, was designed to give such officers the benefit of their wartime service in such higher grades.

It was satisfactory service in the grade that entitled the officer to advancement, whether that grade was permanent or temporary. Congress could not have intended to prefer service in a temporary grade over service in a permanent one. The spirit of the Act was that an officer was entitled to retired pay in the highest grade held by him, temporary or permanent.

■ So in this case plaintiff served as a first lieutenant and should have been advanced to that rank when he was retired as an enlisted man for physical disability. See also Tracy v. United States, 142 F.Supp. 943, 136 Ct.Cl. 211 (1956).

The defendant makes the argument that 10 U.S.C. § 1372 refers only to temporary grades and contends that Congress recognized this fact, because bills were introduced in the 87th, 88th and the present Congress to amend Title 10 so that 10 U.S.C. § 1372 would be applied to permanent as well as temporary grades. It is true that these bills were introduced and passed by the House and that the House reports in the 87th and 88th Congress stated that the present law refers only to temporary grades. H.Rep. 8333, 87th Cong., 2d Sess.; H.Rep. 384, 88th

2. Section 115 provides in pertinent part as follows:

"The retired pay of any officer of the Army, Navy, Marine Corps, \* \* \* who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, hereafter retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be 75 per centum of his active duty pay at the time of his retirement."

Cong., 1st Sess. However, these bills died in the Senate committee. Why they died we do not know. We cannot speculate as to why these bills were introduced other than to assume that the defendant has not been following the language of Grayson v. United States, supra, as is evidenced by this claim. At any rate, we think the Grayson language is especially appropriate in this case and we adhere to the same.

Defendant then argues that plaintiff must fail because there has been no determination of satisfactory service. True, the Air Force regulations provided, and still provide, that service in the Army and Navy could not be considered in determining satisfactory service under 10 U.S.C. § 1372. While the Air Force today would not look to plaintiff's Army service for a determination of satisfactory service, at the time plaintiff served in the Army the Air Corps (now the Air Force) was an integral part of the Army and under the same command. Under these circumstances, we think plaintiff's Army service could be reviewed by the Secretary and a determination made as to whether it was satisfactory or not.

In connection with this, where an officer's efficiency ratings are all good or very good, as were plaintiff's, the court can presume "satisfactory service." Based on plaintiff's record, the Secretary could only have found his service to be satisfactory.

In summary, plaintiff should have been retired under the provisions of 10 U.S.C. § 1372, and consequently advanced to the grade of first lieutenant. Having been so advanced, since he elected to receive retired pay based on the years of active service method, i. e., 2½ percent of basic pay multiplied by number of years of active duty, he is entitled to receive retired pay equal to 57½ percent of the monthly basic pay of a first lieutenant since his retirement. Thus plaintiff is entitled to recover the difference between that paid him (57½ percent of the basic pay of a second lieutenant) and 57½ percent of the basic pay of a first lieutenant,

and judgment is entered accordingly. The exact amount of recovery will be determined pursuant to Rule 47(c) (2) of the Rules of this court.

Plaintiff's motion for summary judgment is granted, and defendant's cross-motion is denied.