Military fay; retired fay; comfutation of fay; ramk for retirement furfoses. — -Plaintiff, during his service com *731 mencing in 1939 with, the United States Navy, served under both temporary and permanent appointments, in active duty and inactive status, and in various ranks during several re-enlistments. While a chief petty officer on active duty, United States Naval Reserve, he was transferred on August 31,1964, to the retired list of the Naval Reserve, and on September 1, 1964, he was advanced on the retired list to warrant officer W-l, the highest temporary rank in which he served, and since that date he has received retired pay based on that rank. While serving on active duty with the Naval Reserve, plaintiff was promoted on June 15,1951, to commissioned warrant officer W-2 (permanent appointment) and on July 15,1957, to commissioned warrant officer W-3 (permanent appointment) . Plaintiff seeks increased retired pay based upon the highest rank in which he satisfactorily served on active duty, i.e. commissioned warrant officer W-3. This case comes before the court on plaintiff’s motion for summary judgment and on defendant’s motion for judgment on the pleadings. Upon consideration thereof, together with the opposition thereto, oral argument of counsel and the briefs of the parties, the court concludes on the basis of the decisions 'by this court in Grayson v. United States, 137 Ct. Cl. 779, 149 F. Supp. 183 (1957); Friestedt v. United States, 173 Ct. Cl. 447, 352 F. 2d, 530 (1965); and Neri v. United States, 145 Ct. Cl. 537, 171 F. Supp. 940 (1959), that plaintiff is entitled to recover. On May 19, 1969, the court ordered that plaintiff’s motion be granted, defendant’s motion be denied, and judgment be entered for plaintiff with the case remanded to the trial commissioner for further proceedings pursuant to Rule 47(c).