NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DEXTER E. CAMPBELL,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-1382

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-01531-MCW, Senior Judge Mary Ellen Coster Williams.

---

Decided: July 20, 2022

---

DEXTER E. CAMPBELL, Hampton, GA, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE.

---

Before MOORE, *Chief Judge*, PROST and HUGHES, *Circuit Judges*.

PER CURIAM.

Dexter E. Campbell appeals a decision of the United States Court of Federal Claims dismissing-in-part his complaint for failure to state a claim and granting-in-part the United States' motion for judgment on the administrative record. Because Mr. Campbell is not entitled to an increase in retirement pay or an increased Army disability rating, we affirm.

I

Mr. Campbell served in the U.S. Army Reserve from 1988 to 2015. He was promoted to lieutenant colonel on September 12, 2012. In March 2013, after Mr. Campbell's commander, a colonel, vacated his position due to a permanent change of station, Mr. Campbell temporarily performed the duties of his former commander's colonel-designated position for several months.

After Mr. Campbell underwent a surgical procedure in September 2013, the Army convened a medical board to assess his physical readiness for continued service. The Army evaluated Mr. Campbell's physical condition several times, including during a Medical Evaluation Board proceeding, multiple Physical Evaluation Board proceedings, and during Army Board for Correction of Military Records (ABCMR) proceedings. The Army ultimately concluded on July 28, 2015, that four of Mr. Campbell's conditions rendered him unfit for duty and assigned him a final combined disability rating of 70%.

On September 21, 2015, while Mr. Campbell was going through the military disability evaluation process described above, the Army issued a military personnel message indicating that a promotion selection board would convene in December 2015 to consider Reserve lieutenant colonels for promotion to colonel. However, Mr. Campbell was medically retired pursuant to 10 U.S.C. § 1201 with the rank of lieutenant colonel, effective October 21, 2015,

before the selection board met. Thus, Mr. Campbell was never considered or selected by that board.

Concurrent with the Army's medical disability evaluations, Mr. Campbell also filed disability claims with the Department of Veterans Affairs, a process that is separate and distinct from the Army's disability determination. The VA gave Mr. Campbell an initial disability rating in February 2015. After Mr. Campbell requested reevaluation in January 2016, the VA determined that his service-connected conditions had worsened, and it awarded an overall combined disability rating of 100% in August 2016.

In February and December of 2016, Mr. Campbell applied to the ABCMR for correction of his records to reflect a promotion to the rank of colonel, citing 10 U.S.C. §§ 1372, 1375, and his temporary service in a colonel-designated position. In September of 2016, he also requested an increase in his Army disability rating from 70% to 75% based on the VA's increased disability rating.

The ABCMR denied relief, finding that Mr. Campbell was not screened or selected for promotion to colonel before or during the medical disability process and therefore was not eligible for promotion. It reasoned that § 1372 "allows for retiring officers to retain their promotion when the officer successfully served in grade (actually promoted), or [was] to be promoted to the next highest grade (selected by a promotion board) if it were not for the disability that led to retirement." SAppx138.[1] "Serving in positions reserved for higher grades is not equal to being selected or promoted to the higher grade." SAppx138. The ABCMR also denied Mr. Campbell's request for an increase in disability rating, finding that although the VA had increased his disability rating post-service, "the Army has neither the role nor the

---

[1]    "SAppx" refers to the supplemental appendix attached to the Appellee's brief.

authority to compensate for progression or complications of service-connected conditions after separation." SAppx11. Mr. Campbell's "medical conditions were thoroughly screened, evaluated, and rated during the [medical disability evaluation] process and resulted in a permanent military disability rating of 70% at the time of [his] separation." SAppx11.

Mr. Campbell then filed this suit in the Court of Federal Claims, challenging the ABCMR's denials and seeking retroactive promotion with corresponding back pay and increased military disability pay. The Court of Federal Claims dismissed Mr. Campbell's promotion claim, finding that he "was never considered for a promotion to colonel by a promotion board before his medical retirement and did not satisfy all legal requirements for that promotion," and therefore had "not alleged facts that give rise to a viable promotion claim." *Campbell v. United States*, No. 20-1531C, 2021 WL 6620150, at *3 (Fed. Cl. Dec. 29, 2021) (*Decision*). It also rejected Mr. Campbell's disability claim, granting judgment on the administrative record after holding that the ABCMR's denial "was legally sound and not arbitrary and capricious" because the VA's separate increased disability rating did not impact the Army's permanent disability determination made one year earlier, at the time of Mr. Campbell's discharge. *Id.* at *5.

Mr. Campbell appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

II

We review de novo a Court of Federal Claims dismissal for failure to state a claim upon which relief may be granted. *Mercier v. United States*, 786 F.3d 971, 980 (Fed. Cir. 2015). We also review de novo a Court of Federal Claims decision granting or denying a motion for judgment on the administrative record, "applying the same standard of review as the trial court." *Prestonback v. United States*, 965 F.3d 1363, 1368 (Fed. Cir. 2020) (citations omitted).

"Accordingly, we will not disturb the decision of the ABCMR unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Id.* (citations omitted).

## A

The Military Pay Act, 37 U.S.C. § 204, is a money-mandating statute that "provides for suit in the Court of Federal Claims when the military, in violation of the Constitution, a statute, or a regulation, has denied military pay." *Dysart v. United States*, 369 F.3d 1303, 1315 (Fed. Cir. 2004). However, a service member is generally "entitled only to the salary of the rank to which he is appointed and in which he serves," and so the Act "ordinarily does not give rise to a right to the pay of a higher rank for which the [service member] was not selected." *Smith v. Sec'y of the Army*, 384 F.3d 1288, 1294 (Fed. Cir. 2004).

Here, Mr. Campbell argues that, under 10 U.S.C. § 1372, the highest grade at which he served was colonel. Section 1372 dictates what grade a service member is entitled to upon retirement for physical disability. Section 1372(2) specifies that a service member is entitled to "[t]he highest temporary grade or rank in which he served satisfactorily, as determined by the Secretary of the armed force from which he is retired." Mr. Campbell argues that because he temporarily performed the duties of a colonel-designated role, he is entitled to the grade of colonel upon retirement. We do not agree. Although "temporary grade or rank" is not expressly defined, context makes clear it refers to grades or ranks acquired by promotion. For example, § 1372(4) entitles a veteran to the temporary grade "to which he would have been promoted" but for his disability. 10 U.S.C. § 1372(4); *see also id.* § 1212(a)(D) (granting disability severance pay based on the "temporary grade or rank to which [the veteran] would have been promoted"). Temporarily performing the duties of a role authorized for a particular grade or rank is not the same as being

promoted to that temporary grade or rank. Thus, while Mr. Campbell temporarily performed the duties of a colonel-designated position, he did not serve in the temporary grade or rank of colonel, as required by § 1372(2). That understanding is consistent with our well-established case law holding that in challenges to the military's decision not to promote a veteran, "the Military Pay Act ordinarily does not give rise to a right to the pay of the higher rank for which plaintiff was not selected." *Smith*, 384 F.3d at 1294. It also coincides with the Army's long-standing interpretation of the similar term "highest grade served" to mean "[t]he highest grade to which an individual on active duty was actually and lawfully promoted and paid. It does not include . . . serving in a position authorized a higher grade than actually held." *See* Appellant's Br. at 94 (Army Regulation 15-80, Army Grade Determination Review Board and Grade Determinations, Glossary (July 2002)).[2] Mr. Campbell served in a position authorized a higher grade, but he was never actually lawfully promoted to colonel. Therefore, he does not fall within § 1372(2).

Nor does Mr. Campbell fall within § 1372(3) or (4). Section 1372(3) provides that a service member is entitled to "[t]he permanent regular or reserve grade to which he would have been promoted had it not been for the physical disability for which he is retired and which was found to exist as a result of a physical examination." Section 1372(4) authorizes retirement to "the temporary grade to which he would have been promoted had it not been for the physical disability for which he is retired, if eligibility for that promotion was required to be based on cumulative years of service or years of service in grade and the disability was discovered as a result of a physical examination." But again, Mr. Campbell had not been selected for a permanent

---

[2]    "Appellant's Br. at __" refers to pages in Mr. Campbell's combined informal brief and appendix.

or temporary promotion before he was medically retired, so he would not have been promoted to colonel absent his physical disability. *See* SAppx129.

Mr. Campbell also cites to *Friestedt v. United States* in support of his argument that he is entitled to a higher rank. 173 Ct. Cl. 447 (1965). But the plaintiff in *Friestedt* was actually promoted to a higher rank before his release from active duty. *Id.* at 449. He eventually reenlisted and then retired at a lower rank, and the Court of Claims determined he was entitled to the retired pay of the higher rank from his prior service. *Id.* at 449, 451. Mr. Campbell was never promoted to colonel, temporarily or permanently, and so he is ineligible for the retired pay of a colonel.

The Court of Federal Claims appropriately dismissed Mr. Campbell's promotion claim for failure to state a claim upon which relief could be granted. The court considered the two exceptions to the general rule that a service member is generally entitled only to the salary of the rank to which he is appointed and in which he serves: "1) 'clear-cut legal entitlement' when a service member satisfied all legal requirements for a promotion, but the military refused to recognize his status and 2) when the decision not to promote the service member led to the service member's discharge." *Decision* at *3 (quoting *Smith*, 384 F.3d at 1294–95). Mr. Campbell falls into neither category. He was never considered and selected by a promotion selection board before his medical retirement and therefore does not satisfy all legal requirements for promotion. Nor was he discharged due to a decision not to promote him; he was medically discharged due to his disability. Therefore, he has not alleged facts that give rise to a viable promotion claim. *Id.* (citing *Reilly v. United States*, 93 Fed. Cl. 643, 649–50 (2010)).

B

The Court of Federal Claims also appropriately affirmed the ABCMR's denial of Mr. Campbell's request for

an increased Army disability rating. The Army's permanent disability rating is determined at the time a service member is found unfit for duty due to a physical disability—i.e., when the service member is retired. *See* 10 U.S.C. § 1201. The VA disability rating system is separate and distinct from the Army's permanent disability rating, compensating a veteran for service-connected disabilities that impair earning capacity in civil occupations after service. 38 U.S.C. § 1110; 38 C.F.R. § 4.1; *see Bosch v. United States*, 27 Fed. Cl. 250, 265 (1992). "Although both the Army and the VA use the VA Schedule for Rating Disabilities, the Army disability rating is intended to compensate the individual for interruption of a military career because of an impairment. The VA awards ratings because a medical condition affects the individual's civilian employment." *Slesinski v. United States*, 34 Fed. Cl. 159, 164 (1995). And "while the Army must determine an appropriate permanent disability rating before the individual can be separated from the service, the VA can evaluate a veteran throughout his or her lifetime, adjusting the percentage of disability." *Id.*

Mr. Campbell received his permanent disability rating of 70% from the Army's Physical Evaluation Board in July 2015. The VA's increased disability rating was awarded over one year later, in August 2016, after the VA had determined his conditions had worsened post-service. The ABCMR correctly determined that the VA's post-service decision does not impact the permanent medical disability rating Mr. Campbell received from the Army at the time of his separation, and so Mr. Campbell is not entitled to an Army disability pay increase. The ABCMR's decision was not arbitrary, capricious, or otherwise contrary to law.

## III

We have considered Mr. Campbell's remaining arguments but find them unpersuasive. Mr. Campbell does not

raise a viable promotion claim, nor is he entitled to an increase in disability pay. We affirm.

## AFFIRMED

No costs.